**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ALISON MCLEOD, et al., ) <br> ) <br> Defendants. ) <br> ) | Case No. 2:11-cr-00421-KJD-PAL <br><br> **ORDER** <br><br> (Mtn for Hrg - Dkt. #79) <br> (Mtns for Joinder - Dkt. #80, 82) |

This matter is before the court on Defendant Debra McLeod's Motion for Hearing Pursuant to *Franks v. Delaware* (Dkt. #79) filed March 25, 2013, which was referred to the undersigned by the district judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 for further proceedings. The court has considered the Motion, Defendant Alison McLeod's Motion for Joinder (Dkt. #80), Defendant Kevin Forest's Motion for Joinder (Dkt. #82), and the government's Response (Dkt. #90). No reply to the Motion was filed, and the time for filing one has now run.

**BACKGROUND**

On December 6, 2011, a federal grand jury in Las Vegas, Nevada, returned an Indictment against Defendants Alison McLeod, Kevin Forest, and Debra McLeod, charging each Defendant with conspiracy to manufacture a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B)(vii); manufacture of a controlled substance and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(vii) and 18 U.S.C. § 2; and three counts of possession of a controlled with intent to distribute and aiding and abetting in violation of 18 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2. The Indictment also contains four forfeiture allegations against the Defendants. The Defendants are alleged to have operated a large marijuana grow operation at 5926 Calverts in Las

/ / /

1  Vegas, Nevada, where they all resided. Each Defendant made an initial appearance and entered not
2  guilty pleas on December 21, 2011. *See* Minutes of Proceedings (Dkt. #26).
3        On February 15, 2013, Alison McLeod filed a Motion to Suppress (Dkt. #64), and on the same
4  day Debra McLeod filed a Motion for *Franks* Hearing (Dkt. #65).  On March 18, 2013, the undersigned
5  entered a Report of Findings and Recommendation ("R&R") (Dkt. #76) recommending both Motions
6  be denied.  Defendant Alison McLeod objected to the R&R (Dkt. #81).  Defendants Kevin Forest and
7  Debra McLeod filed Motions for Joinder (Dkt. ##82, 83) to Alison McLeod's Objection.
8        On March 20, 2013, the district judge granted Defendant Debra McLeod an extension of time
9  through March 25, 2013, to file a supplemental pretrial motion.  *See* Order (Dkt. #78).  Debra McLeod
10 filed the instant Motion on March 25, 2013, in compliance with that order.  On March 29, 2013, and
11 March 30, 2013, Defendant Alison McLeod also filed two Supplements (Dkt. ##85, 86) to her Motion
12 to Suppress (Dkt. #74), and Debra McLeod filed a Supplement (Dkt. #87) to her Motion for Franks
13 Hearing.  In an Order (Dkt. #92) entered April 8, 2013, the district judge granted the government's
14 Motion to Strike (Dkt. #89) and directed the Clerk of Court to strike all of the late-filed Supplements
15 (Dkt. ##85, 86, 87).

## DISCUSSION

17      A defendant is entitled to a hearing pursuant to the United States Supreme Court's opinion in
18 *Franks v. Delaware* where he makes a substantial preliminary showing that: (a) the affidavit in support
19 of a search warrant contains intentionally or recklessly false statements or misleading omissions; and
20 (b) the affidavit in support of a search warrant cannot support a finding of probable cause without the
21 allegedly false information.  *See Franks v. Delaware,* 438 U.S. 154, 170 (1978));  *United States v.*
22 *Reeves,* 210 F.3d 1041, 1044 (9th Cir. 2000).  To justify a hearing, a defendant must make "specidic
23 allegations, allege a deliberate falsehood or reckless disregard for the truth, and accompany such claim
24 with a detailed offer of proof." *United States v. Craighead,* 539 F.3d 1073, 1080 (9th Cir. 2008)
25 (citation omitted).  Intentional or reckless omissions may also provide grounds for a *Franks* hearing.
26 *United States v. Jawara,* 474 F.3d 565, 582 (9th Cir. 2007).  If a defendant makes the requisite
27 preliminary showing, a hearing is conducted to determine the validity of the warrant.  *See Franks,* 438
28 U.S. at 171-72.

The court recommended that McLeod's first motion to suppress be denied, and denied her request for a *Franks* hearing.  Two days later, the district judge granted McLeod's request to supplement her motion and has now referred the matter to the undersigned for further proceedings.  Having reviewed the supplemental motion for a *Franks* hearing and supporting exhibits, the court finds McLeod has made the requisite preliminary showing that the search warrant affidavit contained false or intentionally misleading statements.

Accordingly,

**IT IS ORDERED:**

1. Debra McLeod's Motion for *Franks* Hearing (Dkt. #79) is GRANTED to the extent that a *Franks* evidentiary hearing is set for **April 16, 2013 at 2:00 p.m.** in Courtroom 3B.
2. Alison McLeod's Motion for Joinder (Dkt. #80) is GRANTED.
3. Kevin Forest's Motion for Joinder (Dkt. #82) is GRANTED.

Dated this 11th day of April, 2013.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE